## Abstract of the Decision.

1. CONTRACTS, § 4*—*what constitutes contract for services.* Where a writing signed by the defendant only, purporting to engage the services of the plaintiff to appear at the defendant's theater, is orally accepted by the plaintiff, and the defendant makes an entry on its books of the plaintiff's engagement, a valid contract, oral if not written, is entered into, on the breach whereof by the defendant, in refusing to allow the plaintiff to perform in accordance with the terms thereof, a suit will lie for the stipulated remuneration, such writing not being a mere proposal revocable by defendant and subject to cancellation before performance of such services.

2. CONTRACTS, § 196*—*when printed portion of contract not controlling.* A written agreement consisting of a printed form, filled in and signed by the defendant, whereby he engages the services of the plaintiff for one week, reciting that a failure on the part of either party to perform on "such week" shall not be a violation of its terms, will, on the refusal of the defendant to accept performance, support an action by the plaintiff to recover the stipulated remuneration for such services on his tendering performance, it being evident that the printed form was designed to cover a case where the term of the engagement extends over a period longer than one week.

----

## George E. Ford, Defendant in Error, v. M. Piowaty & Sons, Plaintiff in Error.

### Gen. No. 21,112.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN COURTNEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed and remanded. Opinion filed January 11, 1916. Rehearing denied January 25, 1916.

### Statement of the Case.

Action by George E. Ford, plaintiff, against M. Piowaty & Sons, a corporation, defendant, to recover

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the purchase price of goods sold and delivered at the defendant's special instance and request. On judgment for plaintiff, defendant brings error.

SABATH, STAFFORD & SABATH, for plaintiff in error.

STEWART REED BROWN, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1470*—*when receipt of secondary evidence without laying proper foundation reversible error.* In an action for goods sold and delivered, *held* that the receipt of secondary evidence over objections thereto, without laying a proper foundation therefor was reversible error.

2. SALES, § 329*—*when evidence insufficient to sustain verdict.* In an action for goods sold and delivered, evidence which merely tends to show that a deal was made by the plaintiff with a party whom the plaintiff claims was an officer or agent of the defendant, supplemented by evidence of the contents of a check purporting to come from the defendant without adequate proof of notice to produce the original, and of a letter purporting to come from the defendant without adequate proof either that it came from or was authorized by the defendant, and of certain inclosures therewith that were incompetent without adequate proof of the letter itself, is insufficient to sustain a judgment for the plaintiff.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.